# Circuit Court of Hampshire County

## SONJA K. EMBREY, CLERK
Post Office Box 343
50 South High Street, Suite 157
Romney, West Virginia 26757

304-822-5022
304-822-8257-FAX
Email: sonja.embrey@courtswv.gov
Website: www.hampshirecircuitclerkwv.com



Beverly D. Shanholtz, Chief Deputy
Jessica L. MacBeth, Deputy
Sara J. Wiegert, Deputy
Loretta A. Spencer, Secretary

**JAMES EDWARDS**

v.

Circuit Court Case No.:     20-C-25

**WURTH WOOD GROUP**

## CERTIFICATION OF RECORD

I certify that the documents to which this authentication is affixed are true copies of the record preserved

in the **Hampshire County Circuit Court of West Virginia** and that I am the Clerk of said Court.

August 18, 2020
Date

Sonja K. Embrey, Circuit Clerk

**Attached document(s):**
Complete file 20-C-25 including docket sheet

EXHIBIT
A

# Case Docket Entries

CC-14-2020-C-25

| Court: | **Circuit** | County: | **14 - Hampshire** | Created Date: | **7/23/2020** | Security Level: | **Public** |
|---|---|---|---|---|---|---|---|
| Judge: | **C. Carter Williams** | Case Type: **Civil** | | Case Sub-Type: | **Tort** | Status: | **Open** |

Related Cases:

Style: **James Edwards v. Wurth Wood Group**

| | Entered Date | Event | Ref. Code | Description |
|---|---|---|---|---|
| 1 | 7/23/2020 1:19:17 PM | E-Filed | | Complaint |
| | 1-1 7/23/2020 | Case Information Sheet | | |
| | 1-2 7/23/2020 | Complaint - Complaint | | |
| | 1-3 7/23/2020 | Supporting Document - Ps First Combined Requests to Wurth Wood Group | | |
| | 1-4 7/23/2020 | Transmittal | | |
| | 1-5 7/23/2020 | Summons | | |
| 2 | 7/23/2020 1:19:17 PM | Judge Assigned | J-16010 | C. Carter Williams |
| 3 | 7/23/2020 1:19:17 PM | Party Added | P-001 | James Edwards |
| 4 | 7/23/2020 1:19:17 PM | Party Added | D-001 | Wurth Wood Group |
| 5 | 7/23/2020 1:19:17 PM | Attorney Listed | P-001 | A-9314 - Andrew C. Skinner |
| 6 | 7/23/2020 1:19:17 PM | Service Requested | D-001 | Secretary of State - Certified - Including Copy Fee |
| 7 | 7/24/2020 8:48:05 AM | Other | | 3 Summons and 2 Complaints along with Plaintiffs first combined requests sent to WV Secretary of State for service on Wurth Wood Group. |
| 8 | 8/10/2020 1:37:50 PM | Scanned Document | | Acceptance of Service - Acceptance of Service from SOS for Wurth Wood Group, Inc. |
| | 8-1 8/10/2020 | Acceptance of Service - Acceptance of Service from SOS for Wurth Wood Group, Inc. | | |
| 9 | 8/18/2020 10:41:39 AM | E-Filed | | Notice of Appearance - Notice of Appearance |
| | 9-1 8/18/2020 | Notice of Appearance - Notice of Appearance of Tracey A. Rohrbaugh | | |
| | 9-2 8/18/2020 | Transmittal | | |
| 10 | 8/18/2020 10:41:39 AM | Attorney Listed | D-001 | A-6662 - Tracey A. Dent Rohrbaugh |
| 11 | 8/18/2020 10:43:05 AM | E-Filed | | Letter to Clerk - Letter to Clerk requesting certified copy of case file |
| | 11-1 8/18/2020 | Letter - Letter to clerk requesting certified copy of case file | | |
| | 11-2 8/18/2020 | Transmittal | | |

# COVER SHEET

E-FILED | 7/23/2020 1:19 PM
CC-14-2020-C-25
Hampshire County Circuit Clerk
Sonja Embrey

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY WEST VIRGINIA
**James Edwards v. Wurth Wood Group**

**First Plaintiff:**
☐ Business  ☑ Individual
☐ Government  ☐ Other

**First Defendant:**
☑ Business  ☐ Individual
☐ Government  ☐ Other

**Judge:**     C. Carter Williams

## COMPLAINT INFORMATION

**Case Type:**  Civil                    **Complaint Type:**  Tort

**Origin:**          ☑ Initial Filing     ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:**  ☑ Yes  ☐ No      **Case will be ready for trial by:**   7/23/2021

**Mediation Requested:**  ☑ Yes  ☐ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

   ☐ Wheelchair accessible hearing room and other facilities

   ☐ Interpreter or other auxiliary aid for the hearing impaired

   ☐ Reader or other auxiliary aid for the visually impaired

   ☐ Spokesperson or other auxiliary aid for the speech impaired

   ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:   Andrew Skinner, PO Box 487, Charles Town, WV 25414

## SERVED PARTIES

**Name:**            Wurth Wood Group

**Address:**         Corporation Service Company 209 West Washington Street, Charleston WV 25302

**Days to Answer:** 30            **Type of Service:**  Secretary of State - Certified - Including Copy Fee

E-FILED | 7/23/2020 1:19 PM
CC-14-2020-C-25
Hampshire County Circuit Clerk
Sonja Embrey

## IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA

**JAMES EDWARDS**

   **Plaintiff,**

v.           **Civil Action No. 20-C-___**

**WURTH WOOD GROUP,**

   **Defendant.**

### COMPLAINT

  Plaintiff James Edwards, through counsel Andrew C. Skinner and Skinner Law Firm, avers and says as follows:

1.  Plaintiff James Edwards is a resident of the State of West Virginia, residing in Hampshire County.

2.  Defendant Wurth Wood Group, Inc., is a Delaware corporation with its principal place of business in North Carolina.

3.  The injury that is the basis of this Complaint occurred in Hampshire County, West Virginia.

4.  Jurisdiction and venue in Hampshire County are appropriate because the tort that is the basis of this Complaint occurred in Hampshire County.

5.  On April 30, 2019, the Defendant Wurth Wood Group dispatched a truck and driver with a load of material to be delivered to SJ Morse Company, which is located at 2736 Northwestern Pike, Capon Bridge, West Virginia.

6.  Prior to dispatching the truck, employees or other persons at the direction of employees of Defendant loaded the truck that was delivering material to SJ Morse

1

Company.

7.   The truck transporting the material was a box-like truck with canvas side curtains.

8.   Upon arrival at SJ Morse company at approximately 8:00 a.m. on April 30, the driver of the Wurth Wood Group truck exited the vehicle.

9.   The Wurth Wood Group driver spoke with an employee of SJ Morse Company, who indicated that he would help him offload the vehicle.

10.  The Wurth Wood Group driver was aware that this SJ Morse Company employee was in the vicinity of his delivery truck.

11.  After exiting the vehicle and engaging in the exchange with the SJ Morse Company employee, the Wurth Wood Group driver loosened the straps holding the load from the driver's side of the vehicle.

12.  The load consisted of, among other items, MDF – Medium Density Fiberboard.

13.  One attribute of MDF is that it is heavier than plywood, weighing in at just under 100 pounds per sheet.

14.  At least fifty sheets of MDF were loaded on the top of a pile of other materials and supplies.

15.  This MDF collectively weighed nearly 5,000 pounds.

16.  When the Wurth Wood Group driver loosened the straps, these 50 sheets of MDF slid off of the top of the pile of materials and supplies and slid underneath the canvas side curtains on the passenger side of the truck.

17.  This falling MDF struck the Plaintiff James Edwards, slamming him to the ground, immediately rendering him unconscious, and causing a concussion.

18. The MDF also struck the Plaintiff James Edwards in the right hip, causing an intertrochanteric fracture of his right femur.

19. Plaintiff James Edwards incurred medical bills, lost wages, and endured pain and suffering and loss of enjoyment of life as a result of the injuries he sustained.

20. Defendant Wurth Wood Group had a duty, under both common law negligence and statute, to ensure that it properly loaded the material being delivered to SJ Morse Company.

21. Defendant Wurth Wood Group breached this duty by, among other failures, loading heavier material on top of lighter material, loading bulkier items on top of less bulky material, and loading material so that it was unstable.

22. Defendant Wurth Wood Group further breached this duty by, among other failures, failing to ensure that the material it transported could not leave the confines of the truck when the straps were loosened to enable offloading.

23. Defendant Wurth Wood Group further breached this duty by failing to conduct an adequate inspection of the load transported to SJ Morse Company.

24. Defendant Wurth Wood Group's actions were negligent and reckless.

25. Plaintiff Edwards suffered injury and harm as a proximate result of the unsecured MDF sliding off of the Defendant's truck and striking him in the head and hip.

**WHEREFORE**, Plaintiff James Edwards demands judgment against the Defendant, to include compensatory damages, past and future, to include lost wages, medical expenses, pain and suffering, emotional distress, annoyance and inconvenience, loss of enjoyment of life, costs, pre-judgment and post-judgment interest, reasonable

attorney fees, and any other damages as allowable by law.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**<u>JAMES EDWARDS</u>**
By counsel

/s/ Andrew C. Skinner
Andrew C. Skinner
W.Va. State Bar I.D. No. 9314
SKINNER LAW FIRM
P. O. Box 487
Charles Town, West Virginia 25414
304-725-7029/Fax 304-725-4082

4

E-FILED | 7/23/2020 1:19 PM
CC-14-2020-C-25
Hampshire County Circuit Clerk
Sonja Embrey

## IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA

**JAMES EDWARDS**

        **Plaintiff,**

    v.                           **Civil Action No. 20-C-___**

**WURTH WOOD GROUP,**

        **Defendant.**

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS TO DEFENDANT WURTH WOOD GROUP

Pursuant to the West Virginia Rules of Civil Procedure, you are required to answer or respond or admit or deny the following interrogatories, requests for production, and requests for admission, separately and fully, in writing and under oath, and to serve your answers upon the undersigned within forty-five days of service upon you.

a.  These Interrogatories are continuing in character with regard to all information in your possession or that of your attorney so as to require you or your attorney to file supplementary answers if you obtain further or different information before trial.

b.  The term **"documents"** includes, but is not limited to, all paper material of any kind, whether written, typed, printed, punched, filmed or marked in any way; recording tapes or wires; any form of magnetic data, whether stored on disc, drum, core or in any other matter; film, photographs, movies, or any graphic matter, however produced or reproduced; and all mechanical or electronic sound recording or transcripts thereof; and every other device or medium in which or through which information of any type is

transmitted, recorded, or preserved.  The copies of such documents must be clear and legible, and must include the entire document; that is, all the pages, amendments, addenda, and attachments.

c.  **"Yours"** and **"you"** refer to the person to whom these Interrogatories are addressed, and all of its predecessors or successors as well as its agents, employees, servants, representatives, subrogors, subrogees, and its attorneys, and all other persons acting or purporting to act in its behalf or at its direction.

d.  The term **"person"** includes:  a corporation, partnership or other business association; any trade or industry association; a natural person; any government or governmental body, commission, board or agency; or any other entity.

e.  **"Identify"** or **"identification"** when used in reference to a natural person means to state his or her full name, present address, home and business telephone numbers, and his or her present position and business affiliation.  When used in reference to a person other than a natural person, **"identify"** or **"identification"** means to state whether such a person is a corporation, partnership, or other organization, and its name, present and last known address, telephone number, and principal place of business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state his or her name only.

f.  **"Identify"** or **"identification"** when used in reference to a document means to state the date, the author (or, if different, the signer or signers), the addressee, type of document (e.g. letter, memoranda, telegram, chart, photograph, x-ray, sound tape, computer program, etc.)  If any such document was, but is no longer in Defendant's

possession or subject to Defendant's control, state what disposition was made of it and the reason for such disposition. In lieu of identifying any document, a true and correct copy thereof may be annexed to and incorporated in the Answers to these Interrogatories. Whenever a document or documents are annexed to and incorporated in the Answers to Interrogatories, they must be clear and legible copies and must include the entire document; that is, all the pages and amendments, addenda, and attachments thereto.

g. Where knowledge or information of, or possession or control by a party is requested or inquired of, such request or inquiry includes knowledge, information, possession or control of or by the party's agents, servants, employees, representatives, and his attorneys.

h. If you contend that one or more parts of an Interrogatory are objectionable, answer each portion of the Interrogatory that you do not contend is objectionable.

i. If you claim privilege with respect to any information requested, specify the privilege claimed, the statute, the rule or decision giving rise to that privilege, and give a brief description of the nature of the information or document being withheld, including the author, recipient, and person to whom the information or document has been furnished previously.

j. In producing the documents requested herein, indicate the specific requests in response to which each document or group of documents is being produced. Attach clearly legible copies to your response hereto, or produce such requested documents and things for inspection and copying at the law offices of the undersigned at 115 E. Washington Street, P. O. Box 487, Charles Town, WV 25414.

## OBJECTIONS BASED ON PRIVILEGE

For each document withheld under a claim of privilege or exemption, provide (i) a general description of the document, (ii) its author, (iii) the date of its preparation, and (iv) the present location of the document.

## INTERROGATORIES

1. Identify each of the following individuals: (a) the driver of the vehicle that delivered material to SJ Morse Company on April 30, 2019; (b) the supervisor of the driver of the vehicle that delivered material to SJ Morse Company on April 30, 2019; (c) each of the individuals who loaded and/or secured the load on the vehicle that delivered material to SJ Morse Company on April 30, 2019; (d) the supervisor(s) of the individuals who loaded and/or secured the load of the vehicle that delivered material to SJ Morse Company on April 30, 2019; (e) each of the individuals who inspected the load on the vehicle before it departed to deliver material to SJ Morse Company on April 30, 2019; and (f) the supervisor of each of the individuals who inspected the load on the vehicle before it departed to deliver material to SJ Morse Company on April 30, 2019.

2. Describe what happened from the perspective of the driver identified in Interrogatory 1, subsection (a) from the time when he learned he was to transport a load of material to SJ Morse Company on April 30, 2019, until he arrived back to his point of departure. Within such response, please describe any actions taken by the driver; the results of such actions; the addresses of where any actions were taken or any stops made; any routes traveled; any calls, emails, texts, or other communications sent or received; and the identities of those with whom he interacted or communicated.

4

3.      Describe how the vehicle that delivered material to SJ Morse Company on April 30, 2019, was loaded.

4.      Do you have any policies or procedures maintained by you regarding the loading, unloading, and/or securing of loads to be delivered on vehicles owned or controlled or used by you? If so, please provide the title or other designation of these policies or procedures; identify who drafted these policies or procedures; and state the date and reason for the policy or provision and each revision to these policies or procedures.

5.      Do you have any policies or procedures maintained by you regarding inspection of loaded vehicles prior to departure from your facility? If so, please provide the title or other designation of these policies or procedures; identify who drafted these policies or procedures; and state the date and reason for the policy or provision and each revision to these policies or procedures.

6.      Please describe, in detail, each and every measure, if any, taken by you after the injury to the Plaintiff as a means to avoid future similar injuries, and identify those individuals responsible for directing and overseeing any such measures.

7.      If you contend that James Edwards' injuries are the result of a pre-existing condition unrelated to the nature of this suit, state fully the basis for that contention.

8.      If you contend that James Edwards or any other person or party acted in such a manner as to cause or contribute to Mr. Edwards' injury, give a concise statement of the facts upon which you rely.

9.      Please identify any persons who have knowledge relating to the matters
alleged in the Plaintiff's Complaint, including all witnesses to the event in which Plaintiff
was injured and all witnesses to the loading, securing, and inspection of the vehicle that
delivered material to SJ Morse Company on April 30, 2019, and state the basis for each
such person's knowledge.

10.      State the names and addresses of all experts whom you propose to call as
witnesses, state the subject matter upon which each of the identified experts is expected
to testify, and state the substance of facts and opinions to which the expert is expected to
testify, including the summary of the grounds for each opinion and said expert or experts
are expected to testify, and include a list of all cases within the last seven years in which
such expert has provided opinion testimony for a party to a lawsuit or claim.

11.      State the name and address of all persons whom you expect to call as
witnesses at the trial of this case, whether such person is an expert or not, and state the
subject matter upon which such opinion the witness is expected to testify.

12.      For each person who investigated the cause and circumstances of the
incident on your behalf, provide the following information:

(a)      full name, including any other names by which this person may be
known;

(b)      full address, including street address and post office box, if
applicable;

(c)      relationship to you;

(d)      residential telephone number, including area code;

6

(e)     occupation; and

(f)     place of business, including name, address, and telephone number, including area code. This interrogatory specifically seeks the identity of members of and documents generated by any safety team, safety loss prevention committee, risk control and safety committee, and/or accident review board.

13.     Identify any and all persons who have provided signed statements to you or your agents concerning the incident and provide the date of such said statement.

14.     If a report was made by you, your agent or representative, with respect to the incident, state the name and address of the person making the report, date, thereof, in whose custody it is, the name, address and business and residential phone number of the person(s) who took the statement and provide the dates of each said statement.

15.     As to each and every claim made against you in the past ten years for injury to a person by reason of an unstable or improperly secured load on a vehicle owned or controlled or used by you, describe each claim by providing the names and address of each person involved, dates of each claim, place of occurrence, what happened, names of all persons with knowledge of any facts related thereto, the style, number, and court designation where any suit was filed, and the final disposition of each claim or suit.

16.     State whether any safety inspections of the vehicle that delivered material to SJ Morse Company on April 30, 2019, were conducted either after the last of the material was loaded onto the vehicle prior to its departure for SJ Morse Company or, in the event there were intermediate stops, after such intermediate stops before arrival at SJ Morse Company; for each such inspection, please provide the identity of the inspecting

7

persons or entities, the times and dates of any such inspections, the purpose of any such inspections, the documents produced during or as a result of such inspection, and the results of any such inspections.

17.    Please state the factual and/or legal basis for each of the Affirmative Defenses asserted by Defendant or for which the Defendant reserved the right to assert.

18.    State whether the Defendant, Defendant's counsel, Defendant's insurer, or any other person acting for or on behalf of the Defendant has conducted any type of surveillance or investigation of the Plaintiff, Plaintiff's family, or any person disclosed on Plaintiff's witness list or by Plaintiff during discovery.  If the answer is yes, please identify the person[s] who conducted such surveillance or investigation, the dates and locations of such surveillance and investigation, the costs of such surveillance and investigation, and please provide a detailed description of the products that were created or generated during or as a result of such surveillance, including but not limited to still pictures, audio recordings, video recordings, telephone reports, and written reports.

## REQUESTS FOR PRODUCTION

1.    All photos or videos created within 30 days before or 30 days after April 30, 2019, that shows:

(a) the truck that transported material to SJ Morse Company on April 30, 2019;

(b) the area where the truck that transported material to SJ Morse Company on April 30, 2019, was loaded;

(c) the area where the truck that transported material to SJ Morse Company on April 30, 2019, was unloaded.

2.      All statements of all witnesses to the incident giving rise to this action.

3.      Any and all policies, procedures, techniques, tips, manuals, suggestions, handbooks, letters, memos, or other material generated or disseminated by you regarding loading, securing, and/or unloading trucks or other vehicles used to deliver material to customers.

4.      Any and all policies, procedures, techniques, tips, manuals, suggestions, handbooks, letters, memos, or other material generated or disseminated by you regarding the training of drivers who deliver material to customers.

5.      Any and all policies, procedures, techniques, tips, manuals, suggestions, handbooks, letters, memos, or other material generated or disseminated by you regarding the scheduling of drivers and vehicles used to deliver material to customers.

6.      All training materials, including but not limited to written, computer-based, web-based, and/or video, which reference loading, securing, or unloading vehicles or delivering materials to customers.

7.      Any reports, including follow-up reports or statements, generated in response to the incident giving rise to the injuries sustained by the Plaintiff.

8.      All documents that you intend to offer in evidence at trial.

9.      Any and all communications with any expert upon whose testimony you intend to rely in this case. Included in the scope of this Request for Production are any and all draft reports by such experts and any and all documents or tangible things prepared or relied upon by such expert in preparing a report.

9

10.     All IRS 1099 forms from 2016 to the present relating to income generated by any testifying expert identified in Interrogatory Number 10 or otherwise identified during this litigation.

11.     Reports or other stored data or information from the five years before the April 30, 2019 incident through the present related to any other incident in which (1) anyone was injured while a vehicle owned or controlled or used by you was being loaded or unloaded; or (2) any material was damaged while a vehicle owned or controlled or used by you was being loaded or unloaded.

12.     Job descriptions for each of the employees of Defendant identified in these Interrogatories.

13.     Employment files for each of the employees of Defendant identified in these Interrogatories.

14.     Statements or other documents allegedly signed or acknowledged by Plaintiff.

15.     Documents evidencing any inspection of the vehicle used to transport material to SJ Morse Company on April 30, 2019, from five years before the incident until the present.

16.     All pictures or video taken of Plaintiff.

17.     Contracts or agreements between Defendant, Defendant's counsel, Defendant's insurer, or any other person acting for or on behalf of the Defendant and any person or entity that has conducted any type of surveillance or investigation into Plaintiff

or Plaintiff's family, or any person disclosed on Plaintiff's witness list or by Plaintiff during discovery.

18.     Any type of communication, including notes of such communications, whether verbal, written, visual, electronic, or otherwise, between Defendant, Defendant's counsel, Defendant's insurer, or any other person acting for or on behalf of the Defendant and any person or entity that has conducted any type of surveillance or investigation into Plaintiff or Plaintiff's family, or any person disclosed on Plaintiff's witness list or by Plaintiff during discovery.

19.     Any documents showing any agreements between Defendant and SJ Morse Company from five years before the incident until the present.

20.     Any documents related to the delivery of materials to SJ Morse Company on April 30, 2019, including without limitation, any orders, bills of lading, requests, invoices, or manifests.

21.     The logbook of the driver.

## REQUESTS FOR ADMISSION

1.     Admit that James Edwards was injured when he was struck by a load that fell off the back of a truck owned or controlled by Defendant.

2.     Admit that James Edwards took no actions that caused or contributed to his own injury.

3.     Admit that the load in the back of the vehicle that delivered material to SJ Morse Company on April 30, 2019, was improperly loaded onto the vehicle.

4.      Admit that the load in the back of the vehicle that delivered material to SJ

Morse Company on April 30, 2019, was improperly secured onto the vehicle.

5.      Admit that you are responsible for properly loading material onto your own

trucks.

6.      Admit that you are responsible for properly securing material on your own

trucks.

7.      Admit that you are responsible for the injuries caused to the Plaintiff James

Edwards

**JAMES EDWARDS**
**By Counsel**

/s/ Andrew C. Skinner
Andrew C. Skinner (WV No. 9314)
SKINNER LAW FIRM
Counsel for Plaintiff
P.O. Box 487
Charles Town, WV 25414
(304) 725-7029/Fax: (304) 725-4082
andrewskinner@skinnerfirm.com



West Virginia E-Filing Notice

CC-14-2020-C-25

Judge: C. Carter Williams

**To:** Andrew Skinner
andrewskinner@skinnerfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA
James Edwards v. Wurth Wood Group
CC-14-2020-C-25

The following complaint was FILED on 7/23/2020 1:19:15 PM

Notice Date:     7/23/2020 1:19:15 PM

Sonja Embrey
CLERK OF THE CIRCUIT
Hampshire
50 S. High Street
ROMNEY, WV 26757

(304) 822-5022
sonja.embrey@courtswv.gov



West Virginia E-Filing Notice

CC-14-2020-C-25

Judge: C. Carter Williams

**To:** Wurth Wood Group
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA
James Edwards v. Wurth Wood Group
CC-14-2020-C-25

The following complaint was FILED on 7/23/2020 1:19:15 PM

Notice Date:     7/23/2020 1:19:15 PM

Sonja Embrey
CLERK OF THE CIRCUIT
Hampshire
50 S. High Street
ROMNEY, WV 26757

(304) 822-5022
sonja.embrey@courtswv.gov

# SUMMONS

E-FILED | 7/23/2020 1:19 PM
CC-14-2020-C-25
Hampshire County Circuit Clerk
Sonja Embrey

### IN THE CIRCUIT OF HAMPSHIRE WEST VIRGINIA
### James Edwards v. Wurth Wood Group

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Wurth Wood Group, Corporation Service Company, 209 West Washington Street, Charleston, WV 25302
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Andrew Skinner, PO Box 487, Charles Town, WV 25414

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 7/23/2020 1:19:15 PM | /s/ Sonja Embrey |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



Filed
Date 8-10-20
Clerk



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

HAMPSHIRE COUNTY CIRCUIT COURT
50 S HIGH STREET
Suite 157
ROMNEY, WV 26757-1696

**Control Number:** 260808

**Defendant:** WURTH WOOD GROUP INC.
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** Hampshire

**Civil Action:** 20-C-25

**Certified Number:** 92148901125134100002743748

**Service Date:** 7/29/2020

I am enclosing:

**1 summons and complaint, 1 other: (FIRST SET OF COMBINED DISCOVERY REQUESTS)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS        RETURN

E-FILED | 7/23/2020 1:19 PM
CC-14-2020-C-25
Hampshire County Circuit Clerk
Sonja Embrey

## IN THE CIRCUIT OF HAMPSHIRE WEST VIRGINIA
### James Edwards v. Wurth Wood Group

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    Wurth Wood Group, Corporation Service Company, 209 West Washington Street, Charleston, WV 25302
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Andrew Skinner, PO Box 487, Charles Town, WV 25414

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

7/23/2020 1:19:15 PM                    /s/ Sonja Embrey

Date                                            Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____                _____
Date                                            Server's Signature

E-FILED | 8/18/2020 10:41 AM
CC-14-2020-C-25
Hampshire County Circuit Clerk
Sonja Embrey

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA

JAMES EDWARDS,

     Plaintiff,

v.

                                       **Civil Action No. 20-C-25**
                                       **Judge C. Carter Williams**

WURTH WOOD GROUP,

     Defendant.

### NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that Tracey A. Rohrbaugh of Kay Casto & Chaney PLLC, hereby enters her appearance as counsel of record on behalf of Defendant Wood Wurth Group. Therefore, all parties and counsel of record should send copies of all future correspondence, documents, pleadings, and discovery to the undersigned counsel at 400 Foxcroft Avenue, Suite 100, Martinsburg, West Virginia, 25401, from this date forward.

                                         WOOD WURTH GROUP
                                         Defendant, by Counsel

*/s/ Tracey A. Rohrbaugh*
Tracey A. Rohrbaugh (WVSB #6662)
Kay Casto & Chaney PLLC
400 Foxcroft Avenue, Suite 100
Martinsburg, West Virginia 25401
P: (304) 901-7500
F: (304) 901-4911
*trohrbaugh@kaycasto.com*

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA

JAMES EDWARDS,

     Plaintiff,

v.

WURTH WOOD GROUP,

     Defendant.

                           Civil Action No. 20-C-25
                           Judge C. Carter Williams

## CERTIFICATE OF SERVICE

I, Tracey A. Rohrbaugh, counsel for Defendant, hereby certify that I filed the foregoing *Notice of Appearance* with the Clerk of the Court by using the CM/ECF system, and that I served the aforesaid document upon the Plaintiff by first class mail, postage prepaid, addressed as follows:

       Andrew C. Skinner, Esq.
       Skinner Law Firm
       P.O. Box 487
       Charles Town, WV 25414
       *Counsel for Plaintiff*

Dated this 18th day of August, 2020.

                        */s/ Tracey A. Rohrbaugh*
                        Tracey A. Rohrbaugh



West Virginia E-Filing Notice

CC-14-2020-C-25

Judge: C. Carter Williams

**To:** Tracey Rohrbaugh
trohrbaugh@kaycasto.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA
James Edwards v. Wurth Wood Group
CC-14-2020-C-25

The following notice of appearance was FILED on 8/18/2020 10:41:37 AM

Notice Date:    8/18/2020 10:41:37 AM

Sonja Embrey
CLERK OF THE CIRCUIT
Hampshire
50 S. High Street
ROMNEY, WV 26757

(304) 822-5022
sonja.embrey@courtswv.gov



West Virginia E-Filing Notice

CC-14-2020-C-25

Judge: C. Carter Williams

**To:** Andrew C. Skinner
andrewskinner@skinnerfirm.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HAMPSHIRE COUNTY, WEST VIRGINIA
James Edwards v. Wurth Wood Group
CC-14-2020-C-25

The following notice of appearance was FILED on 8/18/2020 10:41:37 AM

Notice Date:     8/18/2020 10:41:37 AM

Sonja Embrey
CLERK OF THE CIRCUIT
Hampshire
50 S. High Street
ROMNEY, WV 26757

(304) 822-5022
sonja.embrey@courtswv.gov